Fuchsberg, J. (concurring)
While joining the decision to reverse, I believe some additional comments about the position of a Judge who is unfairly maligned are in order.
To discourage possible inhibition of the vigourous, forthright and independent performance of their official duties, Judges, in our society, are afforded an absolute immunity from any suit arising therefrom (e.g., Pierson v Ray, 386 US 547). The existence of such an immunity, though not rooted in constitutional principles alone (Yates v Lansing, 5 Johns 282 [Kent, Ch. J.], affd 9 Johns 395), renders the role of public criticism of the judiciary all the more critical. If anything, it emphasizes the fact that Judges are entitled to no exemption from the virtually absolute protection accorded by the First Amendment to public expression regarding public officials generally. It is generally agreed that one of the supporting pillars of our society, perhaps more so now than when life was less impersonal, is the rigorous enforcement of this right.
Thus, assuming that the defendants’ comments about Judge Rinaldi were, as he painstakingly points out, one-sided, inaccurate and unfairly damaging, the remedy, as with so much other false or unwise speech, has to be "more speech, not enforced silence” (Whitney v California, 274 US 357, 377 [Brandeis, J., concurring]). None of us can be unsympathetic to the real anguish that unwarranted attacks can engender. But public need outweighs personal considerations.
Perhaps the answer lies in Judges themselves. We must *387 recognize that, in the absence of facts tending to prove actual malice, all criticism of the judiciary is protected; in that regard, I must say I am somewhat less persuaded than is the majority by the distinction it draws between "opinions” and "accusations” or that the latter is entitled to lesser constitutional protection than the former. In any event, if the fact is that Judges may be subject, without legal recourse, to attacks, which sully their reputation without cause, I most respectfully, but firmly, suggest it is the obligation of the legal community to speak out in their defense in such circumstances with greater effectiveness. I further suggest, with equal respectfulness and equal firmess, that, in such a matter, which bears on public confidence in the administration of justice, it is most appropriate for us to say so. (For movement in that direction see, generally, Rules for Responding to Unjust Criticism Proposed by Judges, New York State Bar Association, State Bar News, vol 19, No. 4, June, 1977, p 8.)